# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SAMUEL K. JONES, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> MEMPHIS, LIGHT, GAS & WATER ) <br> DIVISION, a division of the City of Memphis, ) <br> ) <br> Defendant. ) <br> ) | Case No. 06-2723 D/V |

## MEMORANDUM OPINION IN SUPPORT OF ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Memphis, Light, Gas & Water's (hereinafter "MLG&W" or "Defendant") Motion for Summary Judgment, which was filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. (D.E. #36.) In its Motion, Defendant contends that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law on each of Plaintiff's claims. As set forth herein, the Court finds Plaintiff has failed to establish a prima facie case of age discrimination under the ADEA for the supervisory position. Additionally, while Plaintiff has met his burden of establishing a prima facie case of discrimination in his three other claims, Defendant has set forth legitimate, non-discriminatory reasons for its actions. Plaintiff failed to show that Defendant's actions are a pretext for intentional race or age discrimination. Because Plaintiff failed to establish a prima facie case for age discrimination for the supervisory position and because Plaintiff failed to demonstrate pretext in the other three claims, Defendant's Motion for Summary Judgment is GRANTED.

1

## I. BACKGROUND & STATEMENT OF FACTS

This case arises out of MLG&W's failure to promote Plaintiff Samuel K. Jones, Sr., (hereinafter "Plaintiff" or "Jones") in November 2004 and again in February 2005. Pl.'s Am. Compl. ¶¶ 11, 16. Plaintiff claims the failure to promote him to either of these positions constitutes discriminatory action on the basis of race and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA"), and the Tennessee Human Rights Act, Tenn. Code Ann. §§ 4-21-101 et seq. ("THRA"). Id. ¶¶ 1, 19.

Plaintiff is an African-American man born on April 18, 1947. Def.'s Statement of Undisputed Material Facts, "Def.'s Facts" ¶¶ 1, 2. Jones began his employment with MLGW in 1977, and currently works as a welder and crew leader in the Industrial Gas unit of the Memphis, Light, Gas and Water General Gas Division. Id. ¶¶ 3, 22. While serving in the Gas Division, Jones has worked as a meter installer, welder and crew leader. Jones Decl. ¶¶ 5, 18. He has served as a crew leader since 2003. Id. ¶ 5. Plaintiff was invited to participate in at least two apprenticeship programs – the Fabricator Welder Apprentice Program and Maintenance Machinist Apprentice Program. Jones Dep. Exs. 7, 8. He was dismissed from both programs. Id. The reasons for his dismissals from these programs were his inability to work without direct supervision, requiring excessive time to complete job, making numerous errors that resulted in waste of material, and his inability to apply basic principles of machine work and retain standard operating procedures and practices. Id.

In 2004, Plaintiff, who was fifty-seven at the time, submitted a bid for the Supervisor-Meter Installation position in the Gas Fitters Unit.[1]  Def.'s Facts ¶ 4.  The primary duties of the Supervisor-Meter Installation include coordinating the work of the Gas Fitters Unit and training, directing, and supervising employees in the installation and maintenance of domestic and commercial gas meters.  Pl.'s Resp. in Opp'n Ex. 11: Supervisor Job Posting.  The job description stated that the ideal candidate would have four to six years journeyman level experience in the installation and maintenance of domestic and commercial gas meters.  Pl.'s Resp. in Opp'n Ex. 12: Supervisor Job Description.  Plaintiff followed the proper procedures in applying for the position but Plaintiff did not receive an interview for the position.

The supervisor position was instead offered to and eventually filled by Robert Turner, a fifty-five-year-old Caucasian man, in November 2004.  Pl.'s Resp. in Opp'n Ex. 7: Supervisory Position Job Offer.  Prior to Turner's promotion to the Supervisor-Meter Installation position, he had worked in the Gas Fitters Unit as a Gas Fitter for more than sixteen years before being promoted to Foreman-Gas Fitters.  Def.'s Facts ¶ 21.  He served as a Foreman-Gas Fitters for six years and had been serving as an interim supervisor when he was officially promoted to Supervisor-Meter Installation.  Pl.'s Resp. in Opp'n Ex. 7: Supervisory Position Job Offer.  Turner began working for MLGW in 1968, nine years prior to Plaintiff joining the company.  Def.'s Facts ¶ 23.

In 2005, Plaintiff applied for the Foreman-Gas Fitters position vacated by Robert Turner when he assumed the Supervisor-Meter Installation job.  Id. ¶ 5.  The primary duties of the

---

[1] Both the Industrial Gas and the Gas Fitters units are subdivisions of the Gas Division.  There Industrial Gas and Gas Fitters operations, which serve similar purposes.  Each operation sets meters and insures that gas piping is done correctly and up to code.  The major difference between the two is that members of the Industrial Gas Unit are authorized to work with higher gas pressures.

Foreman-Gas Fitter involve training, directing, and supervising the installation and maintenance of domestic and commercial gas meters. Pl.'s Resp. in Opp'n Ex. 2: Foreman, Gas Fitters Job Posting. The job posting stated that the ideal candidate for the foreman position would have two to four years of experience as a journeyman Gas Fitter and would have demonstrated an ability to lead and communicate well with front line employees. Id. There were a total of seven bidders for this job including Plaintiff. Def.'s Facts ¶¶ 27, 28.

Aubrey King, a forty-year-old Caucasian male and thirteen-year veteran of Defendant, was selected for the position in February 2005. Id. ¶ 60. Prior to his promotion to Foreman-Gas Fitters, King had worked in the Gas Fitters Unit for two years and had completed a four-year Gas Fitters apprenticeship program. Id. ¶ 38. He had also served on the Gas Fitters apprenticeship and Gas Fitters safety committees, while working as an out of class foreman in the Gas Fitters unit. Id. ¶ 37. After not being promoted to either position, Plaintiff filed suit.

## II. LEGAL STANDARD

Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Thaddeus-X v. Blatter, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party.

4

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Wade v. Knoxville Utilities Bd., 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., Federal Practice and Procedure § 2727 (2d ed. 1998).

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

## III. LEGAL ANALYSIS

### A. Age Discrimination and Employment Act (ADEA)

Under ADEA, "[i]t shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." 29 U.S.C. §

623(a)(1). "In a disparate treatment case, liability depends on whether the protected trait (under ADEA, age) actually motivated the employer's decision." Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993). Thus, the employee's age must have "actually played a role in [the employer's decision-making process] and had a determinative influence on the outcome." Id.

In ADEA claims based upon circumstantial evidence, the burden-shifting framework set forth in McDonnell-Douglas applies. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 141-42 (2000). In a discharge case, the employee must first establish a prima facie case of age discrimination by demonstrating: "(1) he or she was a member of the protected class; (2) he or she was discharged; (3) he or she was qualified for the position; and (4) he or she was replaced by a younger person." Phelps v. Yale Sec., Inc., 986 F.2d 1020, 1023 (6th Cir. 1993). In an ADEA case, "the protected class consists of all individuals of at least forty years of age." Id.; see also 29 U.S.C. § 631. As to the fourth element of the prima facie case, courts have held, in the alternative, that it may also be satisfied by showing the defendant treated similarly-situated, non-protected employees more favorably. Minadeo v. ICI Paints, 398 F.3d 751, 764 (6th Cir. 2005).

Second, if the employee meets his or her burden of establishing a prima facie case, the burden shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment action. Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 350 (6th Cir. 1998). In Wexler v. White's Fine Furniture, the Sixth Circuit stated:

> a court may not consider the employer's alleged nondiscriminatory reason for taking an adverse employment action when analyzing the prima facie case. To do so would bypass the burden-shifting analysis and deprive the plaintiff of the opportunity to show that the nondiscriminatory reason was in actuality a pretext designed to mask discrimination.

317 F.3d 564, 574 (6th Cir. 2003). Hence, "[a]t the prima facie stage, a court should focus on a plaintiff's *objective* qualifications to determine whether he or she is qualified for the relevant job." Id. at 575 (emphasis in original). The plaintiff can meet this burden "by presenting credible evidence that his or her qualifications are at least equivalent to the minimum objective criteria required for employment in the relevant field." Id. at 575-76.

Third, if the employer meets its burden, the burden shifts back to the employee to demonstrate that the employer's legitimate, nondiscriminatory reason is pretext for age discrimination. Ercegovich , 154 F.3d at 350. A plaintiff can rebut a defendant's legitimate, nondiscriminatory reason "by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." Wexler, 317 F.3d at 576 (quoting Dews v. A.B. Dick Co., 231 F.3d 1016, 1021 (6th Cir. 2000)). Under the Sixth Circuit's "modified honest-belief" rule, "for an employer to avoid finding that its claimed nondiscriminatory reason was pretextual, 'the employer must be able to establish its reasonable reliance on the particularized facts that were before it at the time the decision was made.'" Wright v. Murray Guard, Inc., 455 F.3d 702, 708 (6th Cir. 2006) (quoting Smith v. Chrysler Corp., 155 F.3d 799, 806-07 (6th Cir. 1998)).

**1. Supervisor-Meter Installation, Gas Fitters**

In the present case, Plaintiff argues that he was denied the Supervisor-Meter Installation job because of his age. The Court finds Plaintiff has not established a prima facie case of age discrimination under the ADEA in his claim for discrimination in not being promoted to the Supervisor-Meter Installation position because in the absence of direct evidence of age discrimination an inference of intentional discrimination "cannot be drawn from the replacement

7

of one worker with another worker insignificantly younger." O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 313 (1996).

There is no dispute that Plaintiff meets the first two prongs of the prima facie case of discrimination—he is fifty-seven and within the protected class and he was denied a promotion to the supervisory position.

While the Plaintiff has met the first two prongs, Plaintiff admits that he fails to satisfy the fourth prong of the ADEA prima facie case. Specifically, Plaintiff states that "[d]ue to the lack of disparity in ages between Plaintiff and Robert Turner, Plaintiff does not dispute the dismissal of his claim for age discrimination with respect to the Supervisor position only."[2] Pl.'s Resp. in Opp'n to Mot. for Summ. J. at 5 n.1.

The Sixth Circuit requires that in the absence of direct evidence of discrimination on the basis of age, the worker hired instead of plaintiff must be significantly younger. An age difference of six years or less is not significant. Grosjean v. First Energy Corp., 349 F.3d 332, 340 (6th Cir. 2003). In the present case, the supervisor position was filled by Turner, who was only two years younger than Plaintiff. Therefore, the Court finds and Plaintiff admits that Plaintiff has failed to meet the fourth prong of the ADEA prima facie case for the Supervisor-Meter Installation position.

**2. Foreman-Gas Fitters**

When Turner assumed the Supervisor-Meter Installation position, he vacated his role as a Foreman-Gas Fitter. Defendant posted the newly vacated Foreman-Gas Fitters position, and Plaintiff, along with six other candidates, applied for the job. King, a forty-year-old Caucasian male and thirteen-year veteran of Defendant was selected for the position.

---

[2] Despite this admission in a footnote of his response, Plaintiff argues at length that he can satisfy the prima facie case. (Pl.'s Resp. in Opp'n to Mot. For Summ. J. at 5-6).

Plaintiff asserts that he was denied the Foreman-Gas Fitters position because of his age. Once again the Court finds that Plaintiff has established a prima facie case of age discrimination under the ADEA. Plaintiff was a member of the protected class, was denied a position for which he applied, and the job was offered to a younger person.

The only element of the prima facie standard in dispute is whether Plaintiff was qualified for the Foreman-Gas Fitters position. Defendant suggests that Plaintiff was not qualified for the position for a few reasons, primarily because he had never worked in the Gas Fitters Department, had never held a Gas Fitters position, and had no experience in the daily operations of the Gas Fitters Department. While never having worked in the Gas Fitters Department, Plaintiff has spent the bulk of his career in the Industrial Gas Department, where he performed many of the same routine tasks employees of the Gas Fitters Unit performed, including training, directing and supervising employees in the installation and maintenance of domestic and commercial gas meters. Pl.'s Serial Listing of Disputed Material Fact, "Pl.'s Facts" ¶ 30. In addition, he had been entrusted to serve in a leadership capacity as a crew leader in the Industrial Gas division. Def.'s Facts ¶ 3. Therefore, the Court finds that Plaintiff was qualified to work in the Foreman-Gas Fitters position and that he has met all of the elements necessary to establish a prima facie case of age discrimination.

With the prima facie case having been established, the burden now shifts to Defendant to offer a legitimate, non-discriminatory reason for offering the Foreman-Gas Fitters position to King. Defendant asserts that King was offered the job because he was the most qualified candidate and had an eagerness to learn. To support its assertion, Defendant offers the following facts: before being promoted to Foreman-Gas Fitters, King had worked in the Gas Fitters Unit for two years and had completed a four-year Gas Fitters apprenticeship program and had also

served on the Gas Fitters apprenticeship and safety committees, while working as an out-of-class foreman in the Gas Fitters Unit. Def.'s Facts ¶¶ 36-38. In contrast, Plaintiff had never worked in the Gas Fitters unit, nor had he served as a journeyman foreman in that unit. Plaintiff had also failed on at least two occasions to successfully complete apprenticeship programs that would have prepared him for promotions like the one at issue. Jones Dep. Exs. 7, 8. In light of these facts, the Court finds the Defendant's argument that King was given the Foreman-Gas Fitters position for a legitimate, non-discriminatory reason convincing.

Because Defendant has met the burden of providing a legitimate, non-discriminatory reason for selecting King over Plaintiff, the burden shifts back to Plaintiff to demonstrate that Defendant's reason is merely a pretext for age discrimination. After reviewing the record in the light most favorable to the Plaintiff, the Court finds that Plaintiff has failed to meet this burden. Plaintiff has not set forth any evidence that a reasonable trier of fact would deem a genuine issue of material fact. In fact, the only argument set forth is Plaintiff's opinion that promoting a younger man over an older man with seniority is just wrong. Def.'s Facts ¶ 75. Plaintiff's opinion about the wisdom of promoting a younger person over an older person does not provide sufficient evidence that MLGW's reason for selecting King over Jones is a pretext for age discrimination. For the reasons stated above, the Court GRANTS the Defendant's motion for Summary Judgment in regards to the Plaintiff's ADEA claim for the Foreman-Gas Fitters job.

**B. Race or National Origin Discrimination**

Title VII prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). In order to establish a prima facie case of race or national origin discrimination, a plaintiff must demonstrate "(1) he or she was a member of a protected class; (2) he or she suffered an adverse employment action; (3) he or she was qualified

10

for the position; and (4) he or she was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees." DiCarlo v. Potter, 385 F.3d 408, 415 (6th Cir. 2004). Once the plaintiff establishes his or her prima facie case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions. Wade v. Knoxville Utils. Bd., 259 F.3d 452, 461 (6th Cir. 2001). "The ultimate burden of persuasion rests with the plaintiff to prove that the proffered reasons were a pretext for [unlawful] discrimination." Id. In order for an employee to avoid a finding that its non-discriminatory reason was pretext, "the employer must be able to establish its reasonable reliance on the particularized facts that were before it at the time the decision was made." Wright v. Murray Guard, Inc., 455 F.3d 702, 708 (6th Cir. 2006) (quoting Smith v. Chrysler Corp., 155 F.3d 799, 807 (6th Cir. 1998)).

After an employer has proffered a legitimate, non-discriminatory reason for its actions, the plaintiff must produce sufficient evidence that the employer's reasons were pretext. Wright, 455 F.3d at 707. A plaintiff may demonstrate pretext "either directly by persuading the [trier of fact] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" Id. (quoting Manzer v. Diamon Shamrock Chems. Co., 29 F.3d 1078, 1082 (6th Cir. 1994)). A plaintiff can rebut a defendant's legitimate, nondiscriminatory reason "by showing that the proferred reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." Wexler, 317 F.3d at 576 (quoting Dews v. A.B. Dick Co., 231 F.3d 1016, 1021 (6th Cir. 2000)).

1. **Supervisor-Meter Installation, Gas Fitters**

In addition to his claims of age discrimination under ADEA, Plaintiff also asserts that he was denied the Supervisor-Meter Installation job because of his race. The Court finds that Plaintiff has established a prima facie case of race discrimination under Title VII for the Supervisor-Meter Installation position. Plaintiff is an African-American male, who was denied a position, and the job ultimately went to Turner, a Caucasian man. The only prong of the prima facie case that remains in dispute is whether Plaintiff was qualified for the Supervisor position.

Defendant suggests that Plaintiff was not qualified for the position for a few reasons, primarily because he had never worked in the Gas Fitters Unit and because his qualifications were not similar to those of the individual who received the promotion. Def.'s Memo. in Supp. of Mot. for Summ. J. at 8. Plaintiff asserts that he did meet the minimum qualifications for the job. He has been employed with Defendant for more than twenty years. Def.'s Facts ¶ 22. He has also spent the bulk of his career in the Industrial Gas Department, where he performed many of the same routine tasks employees of the Gas Fitters Unit performed, including training, directing and supervising employees in the installation and maintenance of domestic and commercial gas meters. Pl.'s Fact ¶¶ 30, 41. In addition, he had been entrusted to serve in a leadership capacity as a crew leader in the Industrial Gas division. While there were a couple of letters in the record from decades ago reflecting Plaintiff's failure to meet the standards of various apprenticeship program, the Defendant provided nothing indicating Plaintiff's inability to lead his current team. Jones Dep. Exs. 7,8. For these reasons, the Court finds that Plaintiff has established that he was qualified for the position of Supervisor-Meter Installation.

Because Plaintiff has met his burden of establishing a prima facie case of race discrimination, the burden now shifts to Defendant to articulate a legitimate, non-discriminatory

reason for selecting Turner for this position over Plaintiff. As mentioned above, Defendant argues that Turner was selected because he was the most qualified candidate. He had worked in the Gas Fitters unit for over two decades and had served as not only a foreman, but also an interim supervisor of that unit. Def.'s Memo. in Supp. of Mot. for Summ. J. at 8. Once again, the Court finds Defendant's reason convincing and concludes it has met its burden to provide a legitimate, non-discriminatory reason for selecting Turner.

Therefore, the burden now rests with Plaintiff to demonstrate that the reason offered is just a pretext for unlawful discrimination. Plaintiff does not meet that burden. In fact, Plaintiff sets forth nothing that a reasonable trier of fact could deem a genuine issue of material fact. While Plaintiff asserts Defendant has a practice of promoting Caucasians over African-Americans even when the latter are more qualified, he has not presented any material facts to support that claim. He mentions that only one of the four foremen in the Gas Fitters unit is African-American and that during his tenure with Defendant, the company has had a preference for promoting Caucasians. Although this may in fact be the case, Plaintiff provides the Court with nothing to support his assertion. Plaintiff only offers rather unsubstantiated opinions about the general practices and procedures of Defendant, many of which are contradicted by documents submitted by Defendant's Human Resources Department.

Because no rational jury could find Defendant's reason for promoting Turner over Plaintiff were pretext based on the evidence provided by Plaintiff, the Court grants Defendant's Motion for Summary Judgment as to the Plaintiff's Title VII claim for the Supervisor-Gas Fitters position.

**2. Foreman-Gas Fitters**

Plaintiff also alleges that Defendant denied him the Foreman-Gas Fitters position because of his race, electing to select King, a Caucasian male with far less seniority than the Plaintiff. Again, the Court finds that Plaintiff has established a prima facie case of race discrimination under Title VII for the same reasons as stated in the previous section.

With Plaintiff having met his burden of establishing a prima facie case of race discrimination, the burden now rests with Defendant to show a legitimate, non-discriminatory reason for selecting King over Plaintiff. Defendant asserts that King was selected because he was the most qualified candidate. The Court finds that claim convincing considering King had worked in the Gas Fitters Unit for two years and had completed a four-year Gas Fitters apprenticeship program along with the fact that Plaintiff had neither worked in the Gas Fitters unit, nor had any experience serving as a journeyman foreman for that unit. Def.'s Memo. in Supp. of Mot. for Summ. J. at 11.

Now that Defendant has met the burden of providing a legitimate, non-discriminatory reason for its action, the burden shifts back to Plaintiff to demonstrate that Defendant's reason is merely a pretext for race discrimination. After reviewing the record in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to meet this burden. Again, Plaintiff only argues that Defendant has a habit of promoting internal Caucasian candidates over African-American ones without providing any sort of substantiating evidence. For these reasons, the Court grants Defendant's motion for summary judgment as to the Plaintiff's Title VII claim for the Foreman-Gas Fitters job.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED.

**IT IS ORDERED** this 2nd day of September, 2008.

                                            s/Bernice Bouie Donald
                                            BERNICE BOUIE DONALD
                                            UNITED STATES DISTRICT COURT JUDGE